UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENDA BESSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　Defendant. | Case No. 1:23-cv-01701-HBK<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE[1]<br><br>(Doc. No. 10) |

　　　　Pending before the Court is Defendant United States of America's Motion to Dismiss filed on February 8, 2024. (Doc. No. 10, "Motion"). The Court deemed the Motion suitable for decision without argument. (Doc. No. 12). Plaintiff did not file any opposition and the time to do so has expired. Local Rule 230(c). The Court grants Defendant's Motion.

## BACKGROUND

　　　　Plaintiff initiated this action by filing a pro se Complaint in Tulare County Superior Court on March 23, 2023. (Doc. No. 1-2). Plaintiff is proceeding on her First Amended Complaint filed on January 31, 2024, which alleges a claim under the Federal Tort Claims Act stemming from alleged dental malpractice committed at Family Healthcare Network, a non-profit entity employed by the United States Public Health Service pursuant to 42 U.S.C. § 233(g). (*See* Doc.

---

[1] Both parties have consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c)(1). (Doc. No. 9).

1

No. 8, "FAC").

Defendant's pending Motion seeks dismissal of Plaintiff's FAC under Rule 12(b)(1) on the grounds that Plaintiff failed to file an administrative tort claim with the Department of Health and Human Services ("HHS") prior to filing suit, as required by 28 U.S.C. § 2675(a). (Doc. No. 10-1 at 3-4). Defendant's Motion includes a declaration by Meredith Torres, Senior Attorney for the HHS Office of the General Counsel, stating that a search of the HHS database containing records of all administrative tort claims filed with HHS contained no such filing from Plaintiff regarding the claims giving rise to this suit. (*See* Doc. No. 10-2). As noted above, Plaintiff did not file any response to Defendant's Motion and the time to do so has expired.[2]

## APPLICABLE LAW AND ANALYSIS

### A. Rule 12(b)(1)

Rule 12 of the Federal Rule of Civil Procedure allows for a motion to dismiss based on lack of subject matter jurisdiction. *See* Fed. R. Civ. Pro. 12(b)(1). It is a fundamental precept that federal courts are courts of limited jurisdiction. *Vacek v. United States Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006). "It is presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *Vacek*, 447 F.3d at 1250. Rule 12(b)(1) motions may be either facial, where the inquiry is confined to the allegations in the complaint, or factual, where the court is permitted to look beyond the complaint to extrinsic evidence. *See Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014); *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

When a defendant makes a factual challenge "by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Safe Air*, 373 F.3d at 1039; *see Leite*, 749 F.3d at 1121.

////

---

[2] The Court previously advised pro se Plaintiff of the requirement to file any opposition within fourteen (14) days. *See* Doc. No. 5 at 2; *see also* Doc. No. 2-3 at ¶11, advising that failure to timely oppose a motion to dismiss, *inter alia*, may be deemed a waiver of any opposition).

**B. Exhaustion Under the FTCA**

The timely filing of an administrative claim is a jurisdictional prerequisite to bringing a suit under the FTCA, and it must be affirmatively alleged in the complaint. *See McNeil v. United States*, 508 U.S. 106, 111 (1993). A plaintiff has the burden to plead and prove compliance with the FTCA administrative claim requirements. *Gillespie v. Civiletti*, 629 F. 2d 637, 640 (9th Cir. 1980) (timely filing and denial of an administrative claim is jurisdictional to bring suit under the FTCA and must be alleged in the complaint). *See also Munns v. Kerry*, 782 F.3d 402, 413 (9th Cir. 2015) ("The FTCA requires, as a prerequisite for federal court jurisdiction, that a claimant first provide written notification of the incident giving rise to the injury, accompanied by a claim for money damages to the federal agency responsible for the injury.").

**C. Discussion**

Plaintiff's FAC, the operative complaint, does not affirmatively plead the timely filing of an administrative claim. (*See generally* Doc. No. 8). Thus, Plaintiff has facially failed to make the showing necessary to establish federal subject matter jurisdiction under 28 U.S.C § 2675. Further, the United States has submitted a sworn declaration stating that the Department of Health and Human Services has no record of an administrative tort claim relating to Family Healthcare Network filed by or on behalf of Plaintiff. (Doc. No. 10-2). Plaintiff has not filed any opposition to Defendant's Motion; thus, the Court deems the Government's declaration undisputed. *See, e.g., Robertson v. California Dep't of State Hosps.-Sacramento*, 2023 WL 8190856, at *1 (E.D. Cal. Nov. 27, 2023) (noting that "a Court may dismiss an action for a plaintiff's failure to oppose a motion to dismiss, where the applicable local rule determines that failure to oppose a motion will be deemed a waiver of opposition.").

Plaintiff was on notice that her initial Complaint failed to plead exhaustion and nevertheless failed to cure this deficiency in her FAC. Specifically, on December 15, 2023, Defendant filed a motion to dismiss pursuant to Rule 12(b)(1), arguing that Plaintiff's Complaint should be dismissed because the Complaint failed to allege Plaintiff had exhausted her administrative remedies. (Doc. No. 3). After Plaintiff did not file any response within the

deadlines prescribed by the Local Rules, the Court issued an Order directing Plaintiff to either file (1) a response to the motion, (2) an amended complaint, or (3) a notice to voluntarily dismiss the Complaint. (Doc. No. 5 at 2 ¶ 1).  Thereafter, Plaintiff filed her First Amended Complaint, which again fails to allege that Plaintiff had exhausted her administrative remedies. (*See* Doc. No. 8).  Because Plaintiff has again failed to carry her burden of demonstrating exhaustion of her administrative remedies as a prerequisite to suing the United States, the Court will grant Defendant's Motion to Dismiss.  *See* 28 U.S.C. § 2675(a); *see, e.g., Kumar v. United States*, 2020 WL 2556798 (E.D. Cal. May 20, 2020) (granting motion to dismiss FTCA claim for failure to exhaust administrative remedies under Rule 12(b)(1)).  Because Plaintiff had an opportunity to amend her Complaint, but nevertheless again failed to allege facts demonstrating compliance with 28 U.S.C § 2675, the Court finds further leave to amend is not warranted.  *See Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).

Accordingly, it is **ORDERED**:

1. Defendant's Motion to Dismiss (Doc. No. 10) is GRANTED and Plaintiff's First Amended Complaint (Doc. No. 8) is dismissed with prejudice.
2. The Clerk of Court shall issue judgment and close this case.

Dated:   March 26, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE